Filed 4/24/26  P. v. Rivera CA4/2

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

# IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FOURTH APPELLATE DISTRICT

## DIVISION TWO

|  |  |
|---|---|
| THE PEOPLE, | |
| Plaintiff and Respondent, | E086206 |
| v. | (Super.Ct.No. FVI24001824) |
| VINCENT RIVERA, JR., | OPINION |
| Defendant and Appellant. | |

APPEAL from the Superior Court of San Bernardino County.  Melissa A. Rodriguez, Judge.  Affirmed.

Richard Jay Moller, under appointment by the Court of Appeal, for Defendant and Appellant.

No appearance for Plaintiff and Respondent.

Defendant and appellant Vincent Rivera, Jr., appeals the judgment entered against him by the Superior Court of San Bernardino County.  We will affirm.

## BACKGROUND

Defendant and Sarah Martinez (the victim), who was pregnant with their child, were living together in March 2022.

On March 19, 2022, while defendant and the victim were at a party at a friend's home, defendant pushed the victim against a wall a couple of times.  The victim left the party and, when she arrived home, she found defendant sleeping on the couch.  When she woke him up and demanded he leave the house, he pushed her onto the floor several times before she was able to get outside.

The victim ran across the street to a neighbor's door to attempt to get help but, while she was knocking on the door and screaming for help, defendant came up behind the victim and grabbed her shoulder and knocked her to the ground.  While the victim was on the ground, defendant grabbed her by her hair in an effort to drag her back home.  When defendant and the victim got to the house, they stayed outside and sat on a wall in front of a rocky area.  Defendant repeatedly pushed the victim down into the rocks when she tried to get up.  Then defendant pulled out a small knife and said he should kill the victim for disrespecting him, and he then used the knife to make small lacerations on both sides of her neck.  The neighbor across the street called the police.

Defendant was charged by information with assault with a deadly weapon (Pen. Code, § 245, subd. (a)(1), count 1)[1]; willful infliction of corporal injury resulting in a traumatic condition upon specific classes of victims, including a present or former cohabitant, or the parent of the offender's child, referred to herein as injuring a partner (§ 273.5, subds. (a), (b)(2) & (4), count 2); and criminally threatening the victim (§ 422, subd. (a), count 3). Count 3 also included an enhancement for personal use of a deadly weapon (§ 12022, subd. (b)(1)). The information also alleged as to all counts that defendant had suffered two strike priors (§§ 667, subds. (b)-(i), 1170.12, subds. (a)-(d)) and 10 aggravating factors (§ 1170, subd. (b)(2)) and, as to counts 1 and 3, it alleged two serious felony priors (§ 667, subd. (a)(1)).

A jury convicted defendant on all three counts as charged and, in a bifurcated proceeding, the trial court found true the serious felony and strike priors, as well as six of the aggravating factors.[2]

At the April 2025 sentencing hearing, the trial court denied defendant's section 17, subdivision (b) motion to reduce his felony convictions to misdemeanors and his Romero

---

[1] All further statutory references are to the Penal Code.

[2] The aggravating factors found true are: (i) the crime involved great violence, great bodily harm, threat of great bodily harm, or other acts disclosing a high degree of cruelty, viciousness, or callousness; (ii) the defendant was armed with or used a weapon at the time of the commission of the crime; (iii) the victim was particularly vulnerable; (iv) the defendant has engaged in violent conduct that indicates a serious danger to society; (v) the defendant's prior convictions as an adult or sustained petitions in juvenile delinquency proceedings are numerous or of increasing seriousness; and, (vi) the defendant has served a prior term in prison or county jail under section 1170, subdivision (h).

motion[3] to strike his prior strikes.  The court sentenced defendant to state prison terms of 25 years to life on count 1 (assault with a deadly weapon); six years (the middle term of three years, doubled on account of the prior strike) on count 2 (injuring a partner); and a concurrent term of 25 years to life on court 3 (criminal threats).  The court imposed and stayed a one-year sentence for the weapon-use enhancement and imposed and stayed five-year sentences for the section 667, subdivision (a)(1) prior serious felonies.

The court also ordered defendant to pay court fees of $70 for each felony conviction, a $300 restitution fine, and a $300 parole revocation fine that was stayed pending successful completion of parole.

Defendant appealed and we appointed counsel to represent him.

## DISCUSSION

On appeal, defendant's appointed appellate counsel filed an opening brief that sets forth statements of the case and facts but does not present any issues for adjudication.

The brief notes that this court is required to review of the record in keeping with the procedures set forth in *People v. Wende* (1979) 25 Cal.3d 436, 441–442.  Counsel also lists two *Anders* issues[4]:  (i) whether the trial court erred when it admitted evidence of a prior domestic violence incident under Evidence Code section 1109; and, (ii) whether the trial court abused its discretion when it denied defendant's motions made pursuant to section 17, subdivision (b) and *Romero*.

---

[3] *People v. Superior Court (Romero)* (1996) 13 Cal.4th 497 (*Romero*).

[4] *Anders v. California* (1967) 386 U.S. 738, 744–745 (*Anders*).

Upon receipt of the brief, we offered defendant an opportunity to file any supplemental brief deemed necessary. He did not respond to our invitation.

Pursuant to the mandate of *People v. Kelly* (2006) 40 Cal.4th 106, 119–120, we have conducted an independent review of the record and find no arguable issues.

## DISPOSITION

The judgment is affirmed.

NOT TO BE PUBLISHED IN OFFICIAL REPORTS

RAMIREZ
P. J.


We concur:

McKINSTER
J.
FIELDS
J.

5